UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**KUNMI OLULEYE**,<br><br>Debtor. | CHAPTER 13<br><br>CASE NO. 17-67132 |
| **KUNMI OLULEYE**,<br><br>Plaintiff,<br><br>v.<br><br>**J.P. MORGAN CHASE BANK, N.A.** *et al.*<br><br>Defendants. | Adversary Proceeding No. 17-05270-pmb |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT**

Defendant Federal National Mortgage Association ("Fannie Mae") hereby submits the following Memorandum of Law in support of its Motion to Dismiss Plaintiff's "Complaint for Wrongful Foreclosure Non-Judicial Foreclosure, Fraud Affecting Title, Free and Clear Title and Declaratory Relief" (the "Complaint") and, in support thereof, states as follows:

I. **INTRODUCTION**

Defendant JPMorgan Chase Bank, N.A. ("Chase") foreclosed on Plaintiff Kunmi Oluleye's ("Plaintiff") real property on September 5, 2017. Nearly a month later, Plaintiff commenced a chapter 13 bankruptcy (the "Chapter 13 Case") and then filed this Adversary

1

4829-7478-7167.2

Proceeding and Complaint asserting claims related to her former property and the foreclosure (the "Complaint"). The Chapter 13 Case was dismissed on December 7, 2017, due to Plaintiff's failure to fund the chapter 13 plan.

The Court lacks subject matter jurisdiction over the adversary proceeding and should dismiss the Complaint. The Court never had jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1334(b), because her claims do not arise out of the Bankruptcy Code or arise in or relate to the Chapter 13 Case. Plaintiff's state-law claims relate to the foreclosure of her property and the alleged fraud that enabled the foreclosure. But Plaintiff's property was not part her bankruptcy estate; the foreclosure sale was complete before she commenced this adversary proceeding. This Court has held that where the claims in an adversary proceeding relate to foreclosure and the real property is not part of the bankruptcy estate, the Court lacks jurisdiction over the proceeding. *In re Faloye*, 459 B.R. 865, 867–68 (Bankr. N.D. Ga. 2011); *In re Skillings*, No. 12-5380-MGD, 2012 WL 7009704, at *2 (Bankr. N.D. Ga. Nov. 6, 2012). Therefore, the Court should dismiss the Complaint for lack of subject matter jurisdiction.

Moreover, the Chapter 13 Case has been dismissed. While the dismissal of the underlying bankruptcy case does not necessarily strip the Court of jurisdiction over an adversary proceeding, bankruptcy courts generally do decline to retain jurisdiction over adversary proceedings when the underlying bankruptcy case has been dismissed. Here, where the Court *never* had jurisdiction over the adversary proceeding, the Court cannot exercise its discretion to "retain" jurisdiction. And even if jurisdiction existed when Plaintiff commenced the adversary proceeding—which it did not—because the Chapter 13 Case has been dismissed, the Court should decline to retain jurisdiction at this juncture, and should dismiss the Complaint.

2

4829-7478-7167.2

On the merits, Plaintiff fails to state a claim for relief against Fannie Mae under the *Twombly-Iqbal* standard. Because the Complaint lacks factual allegations that state a plausible claim for relief against Fannie Mae, the Court should dismiss the Complaint.

## II.    FACTUAL & PROCEDURAL BACKGROUND

On or about September 3, 2003, Plaintiff Kunmi Oluleye and Ibiyinka Oluleye (collectively, the "Borrowers") obtained a mortgage loan (the "Loan") from First Horizon Home Loan Corporation ("First Horizon") to purchase residential property at 2838 Heather Row Ridge, Lilburn, Georgia 30047 (the "Property"). (Compl., Ex. C at 2.) To evidence the Loan, Borrowers executed a note in the original principal amount of $310,250.00 (the "Note"). (*Id.*) As security for the Loan, the Borrowers executed a Security Deed dated September 3, 2002 (the "Security Deed") conveying the Property to First Horizon and its successors and assigns. (*Id.* at 1.) The Security Deed was recorded in the Gwinnett County records at Deed Book 34919, Page 219. (*Id.*) The Security Deed was subsequently transferred and assigned to Chase. (*Id.*, Ex. G.) The assignment to Chase was recorded in the Gwinnett County records at Deed Book 52466, Page 181. (*Id.*)

On September 5, 2017, Chase foreclosed on the Property. (Compl. at 1; [Doc. 9-2 at 1–3].) Chase was the highest bidder for cash at the foreclosure sale, bidding $428,400.00. [Doc. 9-2 at 2.] Chase executed a Deed Under Power evidencing the foreclosure sale on September 20, 2017. [*Id.* at 3.] On October 3, 2017, Chase conveyed the Property by Special Warranty Deed to Fannie Mae. [Doc. 9-3 at 1–2.]

Plaintiff filed the Chapter 13 Case on October 2, 2017, nearly a month after the foreclosure sale. Plaintiff then commenced this Adversary Proceeding by filing the Complaint,

3

and sought a temporary restraining order ("TRO") and/or preliminary injunction to enjoin Chase from selling the Property. The Court denied Plaintiff's emergency petition for a TRO or preliminary injunction on November 27, 2017. [Doc. 11.]

In the Complaint, Plaintiff asserts claims for wrongful foreclosure, fraud, and declaratory relief. The declaratory relief claim is either duplicative of her other claims (Compl. ¶ 18 ("Plaintiff seeks declaratory rulings . . . as is necessary to carry out the purposes and intents of the relief requested in this Complaint")) or effectively seeks to quiet title (*id.* ¶ 17 ("Plaintiff seeks declaratory relief, such as is necessary to provide the same relief available pursuant to the Georgia Quiet Title Statute . . . .")).

On December 7, 2017, this Court denied confirmation of the chapter 13 plan and dismissed the Chapter 13 Case. (Order Dismissing Ch. 13 Case, *In re Oluleye*, No. 17-67132-pmb (Bankr. N.D. Ga. Dec. 7, 2017), ECF No. Doc. 34.)

### III.   ARGUMENT

#### A.   Standard of Review.

Fed. R. Bankr. P. 7012(b) incorporates Fed. R. Civ. P. 12(b) to govern defenses and objections to adversary complaints in bankruptcy court. Under Rule 12(b)(1), the bankruptcy court must dismiss an action if the court lacks subject matter jurisdiction. In reviewing a motion to dismiss for lack of subject matter jurisdiction, the court must accept material factual allegations in the complaint as true, but need not draw inferences favorable to the plaintiff and may consider materials outside the pleadings to resolve any jurisdictional disputes. *In re Kennedy*, 529 B.R. 345, 348–49 (Bankr. N.D. Ga. 2015). The plaintiff has the burden of proving the court's subject matter jurisdiction by a preponderance of the evidence. *Id.* at 349.

Under Rule 12(b)(6), dismissal should be granted if a complaint fails to state a claim upon which relief can be granted. *In re Lafayette*, 561 B.R. 917, 922 (Bankr. N.D. Ga. 2016). A complaint must "'contain factual allegations that are enough to raise a right to relief above the speculative level.'" *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim and are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79.

Although *pro se* complaints are liberally construed, even *pro se* litigants must meet this pleading standard. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Nembhard v. JPMorgan Chase Bank, N.A.*, No. 1:13-cv-3957-WSD, 2014 WL 1764708, at *2 (N.D. Ga. Apr. 29, 2014) ("a pro se plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure" and "a pro se complaint still must state a claim upon which the Court can grant relief") (quotation marks omitted). Showing leniency to a *pro se* plaintiff, furthermore, does not permit a court to "serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *In re Unsolicited Letters to Fed. Judges*, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) (quotation marks omitted); *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (same).

**B.    The Court Lacks Subject Matter Jurisdiction over the Adversary Proceeding.**

A bankruptcy court's jurisdiction is limited and derives from that of the district court. *In re Toledo*, 170 F.3d 1340, 1344 (11th Cir. 1999). District courts have jurisdiction of all cases under title 11 and have "original but not exclusive jurisdiction of all civil proceedings arising

5

under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Section 157(a) of title 28, U.S.C., permits the district court to refer any or all bankruptcy cases or proceedings arising under the Bankruptcy Code or related to a bankruptcy case to bankruptcy judges for the district. By local rule, LR83.7, the Northern District of Georgia has referred all cases and proceedings within the scope of § 157(a) to the bankruptcy judges. *See also In re Hospitality Ventures/LaVista*, 358 B.R. 462, 469 (Bankr. N.D. Ga. 2007); 28 U.S.C. § 157(b) (permitting bankruptcy judges to hear and determine matters referred under § 157(a)).

Here, none of the three bases of jurisdiction articulated in § 1334(b)—(1) arising under title 11, (2) arising in cases under title 11, or (3) related to cases under title 11—support jurisdiction in this case. "'Arising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code," and "arising in" cases are "generally thought to involve administrative-type matters," or "'matters that could arise only in bankruptcy.'" *Id.* at 1345. Here, the claims do not "arise under" the Bankruptcy Code or "arise in" the bankruptcy case. Plaintiff alleges claims of wrongful foreclosure, fraud, and quiet title, which derive from Georgia law, not the Bankruptcy Code. Because these claims do not "arise only in bankruptcy"—indeed, Plaintiff asserted these claims in a prior action, before filing for bankruptcy under chapter 13— this Court lacks both "arising under" and "arising in" jurisdiction. *Id.*; *In re Skillings*, No. 12-5380-MGD, 2012 WL 7009704, at *2 (Bankr. N.D. Ga. Nov. 6, 2012) (state-law claims seeking to recover foreclosed property based on a theory of "illegal foreclosure" and "fraudulent transfer" did not arise under the Bankruptcy Code or arise in a bankruptcy case).

"Related to" jurisdiction exists if the "'outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. . . . An action is related to

6

bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'" *In re Toledo*, 170 F.3d at 1345; *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 787–88 (11th Cir. 1990). This Court has previously held that when an adversary proceeding concerns claims related to foreclosure of real property, and that real property is not part of the bankruptcy estate, the Court lacks related-to jurisdiction. *See In re Faloye*, 459 B.R. 865, 867–68 (Bankr. N.D. Ga. 2011) ("Since the Property that is the subject of the adversary proceeding is not part of the bankruptcy estate, the Court lacks subject matter jurisdiction to hear debtor's adversary proceeding under 28 U.S.C. § 1334(b)."); *In re Skillings*, 2012 WL 7009704, at *2–3 (holding that the court lacked related-to jurisdiction over state-law claims related to illegal foreclosure where the defendant foreclosed on the property prior to the filing of the bankruptcy case).

Here, Plaintiff's Property was never part of the bankruptcy estate, as it was sold at foreclosure on September 5, 2017, nearly a month before Plaintiff commenced the Chapter 13 Case. (Compl. at 1 ("This is an action to void an illegal and wrongful non-judicial foreclosure sale that was done on September 5, 2017")); *see also* 11 U.S.C. § 541(a)(1) (stating generally that the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the *commencement of the case*," subject to exceptions not relevant here) (emphasis added); *In re Skillings*, 2012 WL 7009704, at *2. The claims in the Complaint never "related to" the Chapter 13 Case, because the Property at issue was not part of the bankruptcy estate. Because the Court lacks subject matter jurisdiction, the Court should dismiss the Complaint.

Moreover, Plaintiff's underlying bankruptcy case was dismissed on December 7, 2017. While the dismissal of the underlying bankruptcy case "does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement," *Fidelity & Deposit Co. of Md. v. Morris (In re Morris)*, 950 F.2d 1531, 1534 (11th Cir. 1992), adversary proceedings generally *are* dismissed upon dismissal of the main bankruptcy proceeding. *See Dennis v. Woodcrest Vill. BH (In re Dennis)*, No. 17-5200-LRC, 2017 WL 4457414, at *2 (Bankr. N.D. Ga. Oct. 4, 2017). Courts have discretion to retain jurisdiction over adversary proceedings. *In re Morris*, 950 F.2d at 1534–35. But where jurisdiction over the adversary proceeding claims was lacking at the time the adversary proceeding was filed, the Court cannot exercise discretion to "retain" jurisdiction over the adversary proceeding. *See Opteum Fin. Servs. & Branch Banking & Trust Co. v. RBC Centura Bank (In re Smith)*, No. 07-6043, 2008 WL 7874258, at *3-4 (Bankr. N.D. Ga. Aug. 18, 2008) (dismissing an adversary proceeding after the underlying bankruptcy case was closed because subject matter jurisdiction never existed).

Here, the underlying Chapter 13 Case has been dismissed. And because the Court never had jurisdiction over the claims in the adversary proceeding because the claims related to the Property, which was not part of the bankruptcy estate, the Court cannot "retain" jurisdiction now. Accordingly, the Court should dismiss the Complaint.

### C.  Plaintiff Fails to State a Claim Against Fannie Mae.

The Complaint does not state a plausible claim for relief against Fannie Mae. *See Twombly*, 550 U.S. at 555 (2007); *Iqbal*, 556 U.S. at 678. Plaintiff has named Fannie Mae in this action because Fannie Mae asserts an interest in the Property. (Compl. ¶¶ 3, 12–13.) But

8

4829-7478-7167.2

Plaintiff does not allege any conduct by Fannie Mae that would constitute the tort of wrongful foreclosure (Compl. ¶¶ 11–13) or fraud (Compl. ¶¶ 14–16).  Plaintiff lacks standing to bring the declaratory judgment claim, which essentially seeks to quiet title, because she pleads that the Property has been sold at foreclosure.  *See Cunningham v. Gage*, 301 Ga. App. 306, 308 (2009) (affirming dismissal of a quiet title action because the plaintiff failed to assert that he "holds some current record title or current prescriptive title" and therefore lacked standing to maintain the action) (emphasis omitted).  To the extent Plaintiff alleges a claim under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, the Complaint does not plausibly allege that Fannie Mae is a debt collector within the meaning of that act and otherwise lacks factual allegations to state a claim for relief.  Because the Complaint does not satisfy the *Twombly-Iqbal* pleading standard for any claims against Fannie Mae, the Complaint should be dismissed.

## IV.    CONCLUSION

For all of the reasons set forth above, Defendant Federal National Mortgage Association respectfully requests that the Court grant its Motion and dismiss Plaintiff's Complaint.

Respectfully submitted this 19th day of March, 2018.

                KUTAK ROCK LLP

                */s/ Brian F. Hansen*
                Brian F. Hansen
                Georgia Bar No.: 323785
                Brian.hansen@kutakrock.com
                303 Peachtree Street, N.E.
                Suite 2750
                Atlanta, GA  30308
                (404) 222-4600 (Telephone)
                (404) 222-4654 (Facsimile)

                Attorneys for Defendant Federal National Mortgage Association

4829-7478-7167.2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the within and foregoing was served upon all parties or their counsel of record via CM/ECF or by placing a copy of same in the United States Mail in an envelope with adequate postage affixed thereon, properly addressed as follows:

**VIA U.S. MAIL:**

Kunmi Oluleye
2838 Heather Row Ridge
Lilburn, GA 30047
kunmioluleye@gmail.com

*Pro Se Plaintiff*

Ying Pan
JPMorgan Chase Bank, N.A.
999 Peachtree Street
26th Floor
Atlanta, GA 30309

*Defendant, Pro Se*

**VIA CM/ECF:**

A. Michelle Hart Ippoliti
Kimberly Anne Wright
McCalla Raymer Liebert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076
Michelle.ippoliti@mccalla.com
Kimberly.Wright@mrpllc.com

*Attorneys for Defendant McCalla Raymer Liebert Pierce, LLC and Attorney Drew Powers*

Brian F. Hansen
KUTAK ROCK, LLP
303 Peachtree Street, N.E.
Suite 2750
Atlanta, GA  30308
Brian.hansen@kutakrock.com

*Attorneys for Defendant, JPMorgan Chase Bank, N.A.*

This the 19th day of March, 2018.

/s/ Brian F. Hansen
Brian F. Hansen

4829-7478-7167.2